In the Matter of ROBERT R. KAUFMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 3, 1966.

*Michael Franck* (*John G. Bonomi,* attorney), for petitioner.

*H. Elliot Wales* for respondent.

*Per Curiam.* This is a motion to confirm the report of the Referee which sustained charges of professional misconduct against the respondent.

Respondent, age 51 years, was admitted to practice February, 1938 in the Appellate Division, Second Department. Proceedings were instituted against him June 12, 1962. Subsequently a supplemental petition was filed. In all a total of 9 charges were preferred of which one, Charge No. 4, was discontinued, and Charges 7 and 9 were not sustained by the Referee. The charges which were sustained and upon which petitioner moved to confirm the Referee's report may be summarized briefly.

It was charged that respondent demanded and obtained from one William Barash, his client, $3,000 in cash over the fee charged on the representation that he could improperly influence marital litigation in behalf of his client and that he converted the proceeds of a check in the amount of $670 payable to Marilyn and William Barash, husband and wife; that he had made and caused his client, a Mrs. Serayder, to make a false statement in affidavits submitted by them in a matrimonial proceeding in which he represented Mrs. Serayder. That charge was sustained only to the extent that the Referee found he failed to make proper disclosure.

There were two additional charges that he engaged in a course of conduct of issuing worthless checks. Respondent's contention that the checks were for personal matters and that all were eventually made good does not change the nature of the offense or invalidate the determination.

The final charge, sustained by the Referee, as were the others referred to, was that the respondent converted to his own use without authority the sum of $5,275 representing his client's share of a settlement in a personal injury action. The evidence amply supported the Referee's findings and the report is confirmed.

The respondent has been guilty of professional misconduct which demonstrates his unfitness to continue in the practice of the law. The respondent should be disbarred.

Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ., concur.

Respondent disbarred effective March 3, 1966.